# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

CLYDE MILLNER,

    Petitioner,

v.                                            Case No. 5:22-cv-00595

WARDEN, FCI BENNETTSVILLE,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

On December 21, 2022, Petitioner, an inmate who was then housed at FCI Beckley, in Beaver, West Virginia, acting *pro se*, filed an Application Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State or Federal Custody (hereinafter "Petitioner's section 2241 petition") (ECF No. 1). This matter is assigned to the Honorable Frank W. Volk, Chief United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner filed his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking application of his earned Federal Time Credits ("FTC") under the First Step Act of 2018 ("FSA"), 18 U.S.C. § 3621, 3624, & 3632. (See ECF No. 1.) Specifically, his petition asserted that he had accrued 1,292 days of FTC programming, including 365 days applied toward early transfer to pre-release custody and/or supervised release. (*Id.* at 1). Petitioner further argued that a prisoner classified as a medium or high risk of

recidivism is not absolutely barred from application of FTC and may obtain approval for such credit from the Warden of his facility. (*Id.*)

Respondent initially argued that the instant petition was not ripe for review because, even if Petitioner was entitled to the application of 365 days—the maximum allowable FTC towards early release from custody—it would not have then resulted in his immediate release from custody since his release date was November 24, 2025. (ECF No. 6 at 6). Respondent asserted that the FSA statute "directs the BOP to apply credits for a person who has earned them 'in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment,'" 18 U.S.C. § 3624(g)(1)(A), and that such a claim would not be ripe until then because "credits can be lost and PATTERN scores can change in the interim." (*Id.* at 4-5). Therefore, Respondent argued that, at that time, Petitioner could not show an "immediate" and "redressable" injury and a ruling from the Court would be no more than "an advisory opinion." (*Id.* at 5-6).

Petitioner's reply brief acknowledged that his request was made more than a year before his projected release date, but he asserted that the application of FTC credit would have placed him within the range of consideration for RRC placement. Therefore, he argued that his petition was not premature. (ECF No. 7 at 1-2). Petitioner filed various other additional documents in support of his position on the merits of his claim and the exhaustion of administrative remedies. (ECF Nos. 8-10). Then, on April 30, 2024, Petitioner filed a document indicating that the Warden had approved the application of his FTC credits and that he had been reviewed and approved for five months of RRC placement. (ECF No. 15).

Consequently, on October 16, 2024, Respondent filed a Motion to Dismiss Petition (ECF No. 17) asserting that the instant petition and related documents must now be dismissed as moot because Petitioner had received his requested relief concerning the application of his FTC. Moreover, according to the inmate locator on the BOP website, www.bop.gov, Petitioner was released from BOP custody on or about November 22, 2024. Thus, as addressed below, his § 2241 petition is moot and must be dismissed.

## ANALYSIS

The United States Constitution limits the jurisdiction of federal courts to actual cases or controversies that are present at all stages of review. U. S. Const., art. III, § 2; *Honig v. Doe*, 484 U.S. 305, 317 (1988); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). When a case or controversy no longer exists, the claim is said to be "moot." In the context of habeas corpus, a case is rendered moot when the inmate has been released from the custody being challenged, without collateral consequences, and the court can no longer remedy the inmate's grievance. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Alston v. Adams*, 178 F. App'x 295, 2006 WL 1194751 (4th Cir. 2007); *Alvarez v. Conley*, 145 F. App'x 428, 2005 WL 2500659 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942 (N.D.W. Va. 2007).

As noted above, Petitioner's FTC was applied to alter his release date and he has been released from BOP custody without any collateral consequences related to his claims; thus, this federal court is no longer able to grant his requested relief. Therefore, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's § 2241 petition is moot due to his release from BOP custody without collateral

consequences. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Respondent's Motion to Dismiss Petition (ECF No. 17), **DENY AS MOOT** Petitioner's Petitions for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and dismiss this civil action from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendation" is hereby filed, and a copy will be submitted to the Honorable Frank W. Volk, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (making of objections), and then three days (service/mailing), from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Chief Judge Volk.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner at his last known address and to transmit a copy to counsel of record.

December 10, 2024

Dwane L. Tinsley
United States Magistrate Judge